IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3129 |
| | ) | |
| v. | ) | |
| | ) | |
| STELLA M. LEVEA, JAMES P. | ) | TENTATIVE FINDINGS |
| MASAT, KENNETH W. MOTTIN, | ) | REGARDING ALL DEFENDANTS |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to my earlier order setting out special procedures for the resolution of sentencing issues in this case,

IT IS ORDERED that:

(1) The undersigned will consult and follow or deviate from the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases.  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines general advice through §3553(a)'s list of factors; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason for doing so.  I no longer give the Guidelines "substantial weight."

(2) Regarding Ms. Levea:

A.   With respect to "loss" and "restitution," I held a hearing at which evidence was presented on these two issues. The lawyers for all sides agrees that "loss" and "restitution" may be different under the Guidelines and relevant statutes. In my view, "loss" serves as a proxy for culpability while "restitution" serves to the make the victims whole.

B    With the foregoing in mind, and taking the most conservative but least reliable method which was suggested by the defendants, I find and conclude that the "loss" for purposes of U.S.S.G. § 2B1.1(b)(1)(K) was over six million dollars but less than seven million dollars. Thus, the defendant should be enhanced 18 points rather than 20 points and I sustain the defendant's objection to the presentence report in this regard.

C.   With the foregoing in mind, and taking the most accurate and reliable method which was suggested by the government, I find that restitution is owed to the victims shown on government's Ex. 1 in the total amount of $16,607,263.85.[1]

D.   The government has withdrawn its objection regarding acceptance of responsibility. Accordingly, the defendant is entitled to a three point reduction for acceptance of responsibility.

---

[1] At sentencing, the government is directed to prepare and submit a document in *WordPerfect* format giving the name of each victim, the victim's address, and the amount owed each victim. The government shall also provide a "thumb drive" to the courtroom deputy containing the list. That document will be used for preparation of the formal judgment. The government shall also provide defense counsel with a copy of the document.

E.  I tentatively deny the defendant's motion for variance and departure (filing no. 92). I do not agree with the defendant that the fraud Guidelines are too high. I do not agree that the Guidelines lack an "empirical" basis and I do not agree that an "empirical" basis is required for Guidelines to be considered appropriate under the law. I do not agree with the defendant that the fraud Guidelines conflict with the statutory goals of sentencing. I do not agree that I should vary downward. I do not agree that the defendant's conduct was aberrant. In particular, I do not agree that the defendant should escape a prison sentence in the hope that the defendant may make money to pay some restitution or because other people or corporations who depend upon the defendant will be harmed by the defendant's incarceration. Indeed, given the tremendous harm that was caused by the defendant's fraud, a good argument could be made for an upward departure. In other words, I believe that a "within Guidelines" sentence of somewhere between 78 months and 97 months is appropriate. The foregoing having been said, I will hear the defendant on the motion prior to a final ruling.

(3) Regarding Mr. Masat:

A.  My ruling on "loss" and "restitution" as set forth above regarding Ms. Levea applies to this defendant as well.

B.  I tentatively deny the defendant's motion for variance and departure (filing no. 89). I do not agree with the defendant that the fraud Guidelines are too high. I do not agree that the Guidelines lack an "empirical" basis and I do not agree that an "empirical" basis is required for Guidelines to be considered appropriate under the law. I do not agree with the defendant that

the fraud Guidelines conflict with the statutory goals of sentencing. I do not agree with the defendant's civil loss causation argument either as a matter of law or as a matter of fact. I do not agree that I should vary downward. I do not agree that the defendant's conduct was aberrant. In particular, I do not agree that the defendant should escape a prison sentence in the hope that the defendant may make money to pay some restitution or because other people or corporations who depend upon the defendant will be harmed by the defendant's incarceration . Indeed, given the tremendous harm that was caused by the defendant's fraud, a good argument could be made for an upward departure. In other words, I believe that a "within Guidelines" sentence of somewhere between 78 months and 97 months is appropriate. The foregoing having been said, I will hear the defendant on the motion prior to a final ruling.

(4)   Regarding Mr. Mottin:

   A.   My ruling on "loss" and "restitution" as set forth above regarding Ms. Levea applies to this defendant as well.

   B.   If the government intends to file a motion a motion for downward departure for substantial assistance regarding this defendant, I urge the government to do so promptly. I also request that the government file a brief outlining what substantial assistance was provided together with a reasoned recommendation as to the specific sentence the government is recommending. Both documents should be filed without restriction–in other words, both documents will be available to the public on CM/ECF.

(5) Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraphs, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(6) Finally, I compliment all the lawyers for their professionalism.

DATED this 10th day of October, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge