IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 4:10CR3129 |
| v. | ) | |
| STELLA M. LEVEA and JAMES P. MASAT, | ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

Stella M. Levea (Levea) and James P. Masat (Masat) have filed Motions to Vacate under 28 U.S.C. § 2255. After initial review of the nearly identical motions,[1] I deny and dismiss them with prejudice. Briefly, my reasons for this decision are set forth below.

### *BACKGROUND*

Together with a third defendant (Kenneth Mottin) who cooperated with the government, Levea and Masat were charged with numerous counts of fraudulent

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

criminal conduct regarding First Americans Insurance Services (FAIS). FAIS sold insurance to Native American tribes.

To make a long and complex story short, Levea and Masat each entered guilty pleas to mail fraud. The maximum prison sentence authorized by law was 20 years in prison.

The fraud involved FAIS borrowing money from private individuals and securing the borrowed money with annuities to be purchased from the proceeds of the loans. FAIS was unable to repay the loans. It was then discovered that an insufficient number of annuities had been purchased thus causing massive losses. FAIS went into bankruptcy and was liquidated. Ultimately, and in addition to prison sentences of 97 months each,[2] I ordered both defendants to pay restitution exceeding $16 million. It is highly unlikely that the restitution obligation will ever be satisfied.

With the support of Gary Shovlain, one of the victims, Levea and Masat sought a probationary sentence so that the FAIS business model of selling insurance to Indian tribes could be used again by Levea and Masat. It was proposed that they would work under the direction of Shovlain, and in that way generate money to provide restitution to the victims.[3] At a sentencing hearing where evidence was taken, and as noted above, I rejected the request for probationary sentences and entered judgment against each defendant.[4] No appeal was taken.

---

[2] Following the granting of the government's motion for departure due to substantial assistance, I sentenced Mottin to 60 months in prison and required that he make restitution to the same extent as Levea and Massat.

[3] In addition to recouping his losses, Shovlain was to receive a portion of the profits.

[4] On "general deterrence" and "just punishment" grounds, I rejected the requests for probation. That was true, I said at the time, even assuming the doubtful proposition that probationary sentences would result in greater restitution.

At the sentencing hearing, the government provided several victim impact statements. Levea and Masat objected to the statements because they explicitly related to Mottin, who was the FAIS employee who dealt directly with most of the victims, rather than Levea and Masat, the owners and operators of FAIS. Moreover, not all victims were represented in the statements relied upon by the government. According to Levea and Masat, since the statements did not cover all the victims and since the statements related to Mottin, any victim's request that Mottin should go to prison had no bearing on whether Levea and Masat should be incarcerated. I overruled what was in essence a relevancy objection.

After the sentencing hearing and entry of judgment, Shovlain did his own survey. Based on that survey, he now asserts, in support of the § 2255 motions filed by the defendants, that out of 94 responses he received, 84 victims requested a sentence that did not involve a prison sentence for Levea and Masat in the hopes that the victims would be repaid if Levea, Masat and Shovlain could carry out their proposed business venture.

Each of the plea agreements that were signed by Levea and Masat contained broad appeal and postconviction waivers. That is:

> Except as provided in Section I above, (if this is a conditional guilty plea) the defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.
>
> The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

3

  (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

  (b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

  If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

Filing no. 58 at pp. 5-6; filing no. 59 at pp. 5-6.

When I took their pleas, I closely questioned both defendants as to these waivers. Clearly, the waivers were knowing, intelligent and voluntary.

### *ANALYSIS*

Levea and Masat contend that I erred at sentencing when I received into evidence the victim impact statements obtained by the government because not all victims were included and the statements that were received related primarily to Mottin rather than Levea and Massat. They buttress this point by emphasizing the survey conducted by Shovlain after judgment was entered. For two reasons, Levea

4

and Masat's invocation of § 2255 is procedurally erroneous and warrants dismissal with prejudice without the need for me to get at the merits.[5]

First, run of the mill sentencing errors (and, shorn of hyperbole, that is what is claimed here) must be raised on direct appeal rather than by collateral attack. *See*, *e.g.*, *Sun Bear v. United States*, 644 F.3d 700, 704-705 (8th Cir. 2011) (en banc) (an error of law does not provide a basis for collateral attack on a final sentence through a motion to vacate unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice); *United States v. Ward*, 55 F.3d 412, 413 (8th Cir.1995) ("Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal."). Levea and Masat have not come close to establishing cause and prejudice sufficient to excuse their failure to raise this issue on direct appeal.

Second, and ignoring for the sake of argument the failure to appeal, Levea and Masat have waived their right to collaterally attack the sentences via § 2255. Since the waivers were knowing, intelligent and voluntary and since my sentence was within the statutory range, Levea and Masat cannot escape the collateral-attack waivers. *See*, *e.g.*, *Ackerland v. United States*, 633 F.3d 698, 702 (8th Cir. 2011) (illegal sentence exception to general enforceability of appeal waiver did not apply to permit defendant to collaterally attack sentence within the statutory range).

IT IS ORDERED that:

---

[5]Had I addressed the merits, the result in all probability would have been the same. I note also that according to the plain terms of the last paragraph of each of the waivers, Levea and Masat may have breached their plea agreements by filing these motions thus exposing them to prosecution on the dismissed counts. I need not reach that issue either.

1. The Motion for Leave to File Exhibits Under Seal (filing no. 150) is granted in part and denied in part. The exhibits shall be restricted but not sealed.

2. The Motions to Vacate under 28 U.S.C. § 2255 (filing no. 147; filing no. 152) are denied and dismissed with prejudice.

3. No certificate appealability as to either defendant will be issued by the undersigned.

4. A separate judgment for each defendant will be entered.

DATED this 10th day of February, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.